# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **GILBERT ISOM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:07-0605** |
| ) | |
| **McDOWELL COUNTY CORRECTIONS** ) | |
| **MEDICAL SERVICES,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2.). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2.) be denied and this matter be dismissed.

## FACTUAL BACKGROUND

Plaintiff filed a Complaint on October 1, 2007, naming McDowell County Correctional Medical Services, McDowell County Correctional Center, and the West Virginia Department of Corrections as Defendants. (Document No. 1.)[1] Although the Court notes that the above-named Defendants are not "persons" as required by Section 1983, the Court will screen Plaintiff's

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Complaint for merit. Documents attached to Plaintiff's Complaint indicate that he suffers or suffered from a tumor in his testicle. Plaintiff claims as follows in his Complaint:

> On 7-11-07, I put a sick call request in medical concerning my testicle. The next day, I was taken to Bluefield Community Hospital for an ultrasound. I was told by an outside physician that my condition requires immediate surgery! This report was reviewed by the medical staff here and they concur! I was told I would receive medical attention in two weeks. I did not receive medical attention.
>
> I put a grievance in on 7-30-07. My grievance read the nature of my problem is, I'm in need of emergency medical attention. I was told I would receive medical attention in two weeks. My problem is becoming painful and uncomfortable. I need your help ASAP!
>
> I was told that medical is doing all they can for me at this facility and I have an appointment with a specialist. After 60 days of pain and being uncomfortable, I had an appointment with Dr. Michael T. Hegstrom at Bluefield Community Hospital on 9-11-07. Dr. Michael T. Hegstrom told me he could not help me. Dr. M.T. Hegstrom told me I need to see a specialist, a urologist specialist ASAP. I am in constant pain and I have been told by an outside physician that my condition requires immediate surgery. Yet, no one is trying to help me or talk to me about when this surgical procedure will be done.

(Document No. 1, pp. 4-5.) Plaintiff seeks compensatory and punitive damages.

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or

delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.[2]

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Generally speaking, to prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. As a general matter, prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511

---

[2] The undersigned notes that Plaintiff filed a previous claim against the above-named Defendants alleging deliberate indifference following a slip and fall that occurred within the prison. (Civil Action No. 1:07-0212, Document No. 1.) The undersigned entered his Proposed Finding and Recommendation on December 20, 2007, recommending that the case be dismissed based upon Plaintiff's failure to state a claim upon which relief could be granted. (Id., Document No. 16.) By Memorandum Opinion and Order entered on July 11, 2008, United States District David A. Faber adopted the undersigned's recommendation and dismissed Plaintiff's case. (Id., Document Nos. 25 and 26.)

U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990).To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166

(4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim.

     To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, an inmate must establish that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. An inmate may satisfy the subjective component of the Section 1983 standard by showing that prison officials' delay in providing medical treatment caused unnecessary pain or the worsening of his condition. Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990)("Failure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs."); Cameron v. Sarraf, 128 F.Supp.2d 906, 911 - 912 (E.D.Va. 2000)("Yet, it is equally clear that mere negligence or delay is not sufficient to establish deliberate indifference.").

     "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and

unusual punishment within the meaning of the Amendment." <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-81 (4th Cir. 1993), <u>cert. denied</u>, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). In view of this standard and reading Plaintiff's allegations liberally, if it appears that Plaintiff can meet the objective and subjective prongs of a deliberate indifference claim, the Court should allow this matter to proceed. On the other hand, if it appears that there is no set of facts which will support Plaintiff's Eighth Amendment deliberate indifference claim, dismissal is appropriate under 28 U.S.C. § 1915A.

  Having carefully considered Plaintiff's allegations in view of the documents attached to his Complaint, the undersigned assumes that the tumor in Plaintiff's testicle constitutes or constituted a serious medical condition. Respecting the second prong of the standard, it is clear that Plaintiff cannot establish that Defendants were deliberately indifferent to Plaintiff's serious medical needs. It is evident that Defendants transported Plaintiff to the Bluefield Community Hospital for an ultrasound the day after Plaintiff placed a sick call request concerning his condition. Plaintiff was allegedly informed that he needed immediate surgery, but contends that Defendants failed to timely schedule the procedure. In response to Plaintiff's grievance filed on July 30, 2007, Warden Janice prepared the following memo:

> The above inmate has an appointment to see Dr. Michael T. Hegstrom, 512 Cherry St. Bldg. 1, Bluefield, WV 24701, who is a surgeon working out of Bluefield Community Hospital, on ********* **, ****. The above inmate is upset because we will not disclose the date of the appointment to him. It is the policy of the facility to not disclose this information to the inmate until they are ready to be transported. This inmate has a tumor in his testicle and has been treated by the facility doctor pending his appointment with the surgeon. This is the only surgeon we have been able to locate who is willing to treat our inmates. This is the quickest appointment he could provide to us.

(Document No. 1, p. 8.) On September 11, 2007, Plaintiff was transported to Dr. Hegstrom's office for his scheduled appointment. Dr. Hegstrom allegedly informed Plaintiff that "he could not help

me" and Plaintiff needed to be examined by an urologist. In response to Plaintiff's grievance filed on September 12, 2007, the Unit Manager informed Plaintiff that "[p]er medical, you have been referred to see an urologist. You will be transported on the scheduled date." The record as Plaintiff has provided it, clearly indicates that Defendants attended without delay to Plaintiff's medical needs. Defendants scheduled an appointment with Dr. Hegstrom for the first available date, and scheduled an appoint with an urologist upon being informed by Dr. Hegstrom that a referral was necessary. Thus, no deliberate indifference is evident, and Plaintiff's Complaint cannot stand on the mere allegation of it. The Court notes that Plaintiff has no right to be informed of the exact date of a medical appointment prior to the time of transportation. Accordingly, it appears beyond doubt that Plaintiff can prove no set of facts in support of the requisite second prong of an Eighth Amendment claim. Plaintiff has therefore failed to state a claim under the Eighth Amendment for which relief can be granted, and his Complaint must be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific

written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: August 4, 2008.

_____
R. Clarke VanDervort
United States Magistrate Judge