```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD

GILBERT ISOM,
        Plaintiff,

v.                                  CIVIL ACTION NO. 1:07-cv-00605

McDOWELL COUNTY CORRECTIONS
MEDICAL SERVICES, et al.,
        Defendants.
```

### MEMORANDUM OPINION AND ORDER

Before the court is plaintiff's application to proceed without prepayment of costs or fees (Doc. # 2). For reasons more fully expressed below, the court **DENIES** plaintiff's application and **DIRECTS** the Clerk to remove this case from the court's docket in view of plaintiff's failure to state a claim for which relief can be granted.

### I.  Factual and Procedural Background

Plaintiff, Gilbert Isom ("Isom"), alleges that defendants willfully and inexcusably delayed him from receiving necessary medical care for his swollen testicle over a period of approximately three months, while plaintiff was an inmate at the Stevens Facility of the McDowell County Corrections Department. Specifically, Isom makes the following allegations:

> On 7-11-07, I put a sick call request in medical concerning my testicle. The next day, I was taken to Bluefield Community Hospital for an ultrasound. I was told by an outside physician that my condition requires immediate surgery! This report was reviewed

1

> by the medical staff here and they concur! I was told I would receive medical attention in two weeks. I did not receive medical attention. I put a grievance in on 7-30-07. My grievance read the nature of my problem is, I'm in need of emergency medical attention. I was told I would receive medical attention in two weeks. My problem is becoming painful and uncomfortable. I need your help ASAP! I was told that medical is doing all they can for me at this facility and I have an appointment with a specialist. After 60 days of pain and being uncomfortable, I had an appointment with Dr. Michael T. Hegstrom at Bluefield Community Hospital on 9-11-07. Dr. Michael T. Hegstrom told me he could not help me. Dr. M.T. Hegstrom told me I need to see a specialist, a urologist specialist ASAP. I am in constant pain and I have been told by an outside physician that my condition requires immediate surgery. Yet, no one is trying to help me or talk to me about when this surgical procedure will be done.

See Complaint, pp. 4-5. Isom seeks compensatory and punitive damages.

Isom filed his Complaint, pursuant to 42 U.S.C. § 1983, on October 1, 2007. On the same day, Isom also filed an application to proceed without prepayment of costs or fees. By Standing Order entered on June 19, 2003, this case was referred to United States Magistrate Judge R. Clarke VanDervort for proposed findings and recommendation as to disposition.

On August 4, 2008, Magistrate Judge VanDervort filed his Proposed Findings and Recommendation as to Isom's application to proceed without prepayment of costs or fees. Magistrate Judge VanDervort proposed that the district court (a) deny Isom's

application and (b) dismiss Isom's Complaint for failure to state a claim for which relief can be granted.  In accordance with the provisions of 28 U.S.C. § 636(b) in effect at the time, the parties were allotted thirteen days in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.

On August 21, 2008, Isom timely filed a number of objections.  This court has conducted a de novo review of the record as to all of the objections, and addresses each objection in turn.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II.  Plaintiff's Objections

Isom's objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation are general in nature and relate to his disagreement with the proposed disposition of the case.  The court is able to discern three principal objections: (a) that the delay Isom faced in receiving medical care amounted to a violation of the Eighth Amendment's prohibition of cruel and unusual punishment; (b) that Isom should have been given the right to have his case heard by a jury of his peers, and (c) that Isom needs a lawyer in order to properly present his legal arguments.

*A. The delay amounted to a violation of the Eighth Amendment*

Isom's objection that the three months he had to wait in order to receive treatment for his testicle violated the Eighth Amendment's prohibition on cruel and unusual punishment merely serves to restate Isom's original contention in his Complaint. This is the same contention that Magistrate Judge VanDervort carefully considered in his Proposed Findings and Recommendation. Magistrate Judge VanDervort used the two-part test outlined in Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), to determine whether an Eighth Amendment violation had occurred. See Proposed Findings and Recommendation (Doc. # 8), pp. 4-5. Under the two-part test, Magistrate Judge VanDervort first inquired whether "the deprivation of [a] basic human need was objectively sufficiently serious," and second whether "subjectively the officials act[ed] with a sufficiently culpable state of mind." Shakka, 71 F.3d at 166 (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). Magistrate Judge VanDervort assumed for purposes of the inquiry that the tumor in Isom's testicle constituted a serious medical condition. See Proposed Findings and Recommendation, p. 6. Magistrate Judge VanDervort then considered whether "defendants were deliberately indifferent to Isom's serious medical needs." See id. In his Proposed Findings and Recommendation, Magistrate Judge VanDervort explained that

4

> It is evident that Defendants transported Plaintiff to the Bluefield Community Hospital for an ultrasound the day after Plaintiff placed a sick call request concerning his condition. Plaintiff was allegedly informed that he needed immediate surgery, but contends that Defendants failed to timely schedule the procedure. On September 11, 2007, Plaintiff was transported to Dr. Hegstrom's office for his scheduled appointment. Dr. Hegstrom allegedly informed Plaintiff that "he could not help me" and Plaintiff needed to be examined by an urologist. In response to Plaintiff's grievance filed on September 12, 2007, the Unit Manager informed Plaintiff that "[p]er medical, you have been referred to see an urologist. You will be transported on the scheduled date." The record as Plaintiff has provided it, clearly indicates that Defendants attended without delay to Plaintiff's medical needs. Defendants scheduled an appointment with Dr. Hegstrom for the first available date, and scheduled an appointment with an urologist upon being informed by Dr. Hegstrom that a referral was necessary. Thus, no deliberate indifference is evident, and Plaintiff's Complaint cannot stand on the mere allegation of it. The Court notes that Plaintiff has no right to be informed of the exact date of a medical appointment prior to the time of transportation. Accordingly, it appears beyond doubt that Plaintiff can prove no set of facts in support of the requisite second prong of an Eighth Amendment claim. Plaintiff has therefore failed to state a claim under the Eighth Amendment for which relief can be granted, and his Complaint must be dismissed.

See id. at 6-7. Having independently reviewed the record, the court comes to the same conclusion as did Magistrate Judge VanDervort. Defendants' affirmative steps to provide Isom with timely medical attention plainly demonstrate that defendants were

not deliberately indifferent to plaintiff's needs.  See Parker v. Maryland, No. 08-1972, 2011 U.S. App. LEXIS 1374, at *16-18 (4th Cir. Jan. 21, 2011) (reaffirming that in order to prove deliberate indifference, the plaintiff must show that the defendant knew of, but ignored the plaintiff's need for medical care).  Thus, no defendant acted with a "culpable state of mind" as required under the applicable test.  In addition, there does not even appear to be a "deprivation of a basic human need" since defendants actually secured medical care for Isom to the best of their ability.  Consequently, Isom suffered no violation of his Eighth Amendment rights.

*B. The right to a jury trial*

    Isom contends that whether "prison officials have requisite knowledge of a substantial risk is a question of fact that should be ascertained by a jury of his peers."  See Objections to Proposed Findings and Recommendation (Doc. # 12), p. 2. (citing Finley v. Trent, 955 F. Supp. 642 (N.D.W. Va. 1997)).  Isom's objection is without merit.  A jury's finding that the defendants had actual knowledge of substantial risk to Isom's health would not change Magistrate Judge VanDervort's correct analysis of Isom's Eighth Amendment claim.  The question of whether a prison official knows of a substantial risk to an inmate's health is relevant only in determining whether the official acted appropriately with respect to securing medical attention for the

6

inmate.  The more a prison official knows of an inmate's serious medical condition, the less excusable any delay on the official's part becomes.  In the instant case, however, Isom's own evidence demonstrates that defendants took immediate action to provide him medical attention.  Given that defendants did not delay in seeking medical attention for Isom, whether defendants had knowledge of a "substantial risk" to Isom's health is immaterial, because it does not further the inquiry.  It is for this reason that Magistrate Judge VanDervort saw no reason to engage the question.

*C. Isom needs a lawyer to properly develop his case*

Isom also contends that his inadequate legal training and lack of access to a lawyer have substantially weakened his ability to present his case.  See Objections to Proposed Findings and Recommendation, p. 2.  By Order dated August 4, 2008, Magistrate Judge VanDervort considered Isom's October 1, 2007, motion for appointment of counsel.  Finding that Isom had failed to state a claim for which relief could be granted, Magistrate Judge VanDervort denied Isom's motion.  This court finds Magistrate Judge VanDervort's decision to deny Isom appointment of counsel appropriate given Magistrate Judge VanDervort's finding – which this court has independently reviewed and now affirms – that Isom cannot establish an Eighth Amendment violation.  Additionally, since Isom's own evidence speaks

7

clearly to the issue at hand, there were no unusually complicated legal question that an attorney could have helped Isom answer.

### III. Conclusion

For the reasons stated above, the court **CONFIRMS** and **ACCEPTS** Magistrate Judge VanDervort's proposed findings and recommendation and accordingly **DENIES** plaintiff's application to proceed without prepayment of costs or fees. Further, the court **DIRECTS** the Clerk to remove this case from the court's docket in view of plaintiff's failure to state a claim for which relief can be granted.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and all counsel of record.

It is **SO ORDERED** this 18th day of March, 2011.

ENTER:

David A. Faber
Senior United States District Judge